WILLIAMS v. VAN WAGENEN et al.

(Supreme Court, Special Term, New York County. April 26, 1915.)

WILLS ⬤⟞498—CONSTRUCTION—"ISSUE."

A will which directs that residuary personal estate shall be held in trust for testator's children, the income to be divided among them, and on the death of any child his share to be paid over to such of his issue as shall survive, and which empowers each child to dispose by will of the principal among his issue, or among the other children and the issue of any one of them, confers on a child of testator authority to make appointment among her own issue, or among her brothers and sisters, or among the issue of any one of them, or to make an appointment among all or any of the classes, for the word "issue" includes all descendants, and is not limited to children.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1087–1089; Dec. Dig. ⬤⟞498.

For other definitions, see Words and Phrases, First and Second Series, Issue.]

Action by Alice Castree Williams against Emily D. Van Wagenen and others for the construction of the will of John M. Dodd, deceased. Judgment ordered.

Alexander & Green, of New York City (William W. Green, L. A. Doherty, and Archibald A. Gulick, all of New York City, of counsel), for plaintiff.

Rosendale & Dodd, of New York City (Louis F. Dodd and George Rosendale, both of New York City, of counsel), for defendants Van Wagenen and others.

William H. Ford, of New York City (George M. Thompson, of New York City, of counsel), guardian ad litem for infant defendants Williams.

Phœnix Ingraham, of New York City, guardian ad litem of other infant defendants.

Charles E. Buckingham, of New York City, for defendant Van Wagenen, as trustee, etc.

GIEGERICH, J. The action is brought for the construction of the will of John M. Dodd, the maternal grandfather of the plaintiff. The will directs that the residue of the personal estate be divided at the testator's death into seven equal shares, to be held in trust respectively

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for the testator's seven children, and the net income of each share applied to the use of the child for whose benefit it was designated during his or her life,

"and upon the death of any one of said children the principal of the share set apart for the one so dying shall be paid over and transferred to such of his or her issue as shall survive such deceasing child, and if he or she shall not leave issue surviving him or her, then to my other above named children who shall survive such deceasing child in equal shares, the issue of any one of them who shall have previously died to take the share its parent would have taken if surviving."

A like disposition was made of the testator's real estate in the next clause of his will. There then followed this paragraph:

"I hereby empower each one of my children to dispose by will of the principal of the share of personal estate, and also of the fee simple of the real estate to be set apart in trust for him or her to and among any one or more of his or her issue, or to and among my other children above named and the issue of any one or more of them in such manner, shares and proportions as he or she shall think best."

One of the seven children named in the testator's will was the plaintiff's mother, who by her will directed that, in the event that no other child than the plaintiff should survive her, then, in pursuance of the power and authority given in her father's will, she thereby disposed of the personal property and real estate given in trust for her benefit as follows:

That it be held in trust, and the net income applied to the use of the plaintiff during her life, and after her death that such property "shall go and belong to the issue of my said daughter, in case she shall leave any issue her surviving, and in case of her death without leaving any issue her surviving, then it is my will that the same shall go and belong upon her death to my brothers and sisters who may be then living, and the issue of either of my brothers and sisters who may have previously died leaving issue then living, to be divided among them per stirpes, as provided in the said will of my said father."

By a subsequent provision of the will it was directed that when the plaintiff arrived at the age of 35 years the trustees might, if so requested by her, turn over to her one-half of the trust property, and that the trustees should then continue to hold the other one-half in trust for the plaintiff's benefit during the residue of her life and to dispose of it at her death in the manner above provided. The plaintiff was born before the death of her grandfather, the testator John M. Dodd, and was the sole issue of her mother. She was unmarried at the time of her mother's death, but subsequently married and at the time of the trial had two minor children living, represented by a guardian ad litem in this action. The claim made on behalf of the plaintiff is that, as she was in existence at the time of the death of John M. Dodd and was her mother's sole issue, there was no occasion for any appointment by her mother under the terms of the will of John M. Dodd, and that the attempted appointment was null and void. More specifically, the claim on behalf of the plaintiff is that, as she was the only one of the class to which her mother's share might have been appointed, she took the estate under the will of her grandfather immediately upon the death of her mother.

When the plaintiff reached the age of 35 years, one-half of the personal property of her mother's share was turned over to her; but the real property constituting a portion of that share has never been partitioned, and still remains under the management and control of the trustees under the will of John M. Dodd.  No other portion of the plaintiff's grandfather's estate is involved in this action, as the plaintiff's mother predeceased all her brothers and sisters, with the exception of one brother, who died leaving surviving issue and without exercising the power of appointment conferred upon him by his father's will.  On behalf of the plaintiff it is argued that the will of her grandfather, leaving out of consideration the grant of the power of appointment, gave to the plaintiff a vested interest in the property involved.  It is conceded by the plaintiff's counsel that such vesting in her was subject to opening up and letting in other issue of her mother.

As I construe the will, that interest was subject, also, to being divested by the exercise of the power of appointment contained in the will.  I cannot accede to the argument that the power of appointment conferred upon the plaintiff's mother was limited to the issue of her mother living at the time of her mother's death.  Since the mother's death children have been born of the plaintiff, and those children, being the grandchildren of the plaintiff's mother, are as much the issue of the plaintiff's mother as is the plaintiff herself.  In Drake v. Drake, 134 N. Y. 220, 32 N. E. 114, 17 L. R. A. 664, it was held that in its general sense, unconfined by any indication or intention to the contrary, the word "issue" includes in its meaning all descendants.  In the case of the will before us, so far from there being anything to indicate an intention on the part of the testator to confine the meaning of the word to the restricted import of "children," we have evidence that the word was intended to be used in its broadest sense as embracing descendants of all generations.  In the portions of the will preceding the conferring of the power of appointment the word "issue" is limited to such as shall survive any of the deceasing seven children.  If such language had been used in the clause of the will involving the power of appointment, there would be no room for argument and the plaintiff's case would be made out clearly.  The omission of limiting words of survivorship in connection with the term "issue" in the one clause of the will is all the more significant, because such limiting words were employed in the paragraphs immediately preceding.

The case of Wickersham v. Savage, 58 Pa. 365, is relied upon by the plaintiff.  In that case an estate was devised to John Savage for life, and at his death "to and among the children and issue of the said John in such shares and proportions, and for such estates, as he by will or other appointment in writing shall direct."  John Savage by will appointed the estate in trust to pay his son, his only child, the income during life, and after his death "to hold the estate for such uses and purposes" as he by will might direct and appoint.  It was held that this was not a good execution of the power under the devise to John Savage.  It manifestly was not a good execution, because it was a plain transgression of the authority contained in the power.  That authority limited the appointment to the children and issue of John Savage; but the execution attempted to confer upon the son of John

Savage the power to dispose of the estate for such uses and purposes as that son by his will might direct, without any limitation that such uses and purposes should be to and among the children and issue of John Savage, or even in any way for their benefit. This was one of the grounds on which the Pennsylvania court rested its decision. Another ground was a somewhat elaborate argument, based, in part, upon language of the will not above quoted, by which the court reached the conclusion that the power of appointment was limited to the children as distinguished from the issue of John Savage. Whether this Pennsylvania case is to any extent in conflict with the decision of our Court of Appeals in Drake v. Drake, above cited, or whether it is distinguishable from that decision, need not be considered, because in either event I regard the present case, by reason of the language of the will, when all considered together, as falling within the definition of "issue" enunciated in Drake v. Drake.

Another argument made on behalf of the plaintiff is that the execution of the power was invalid because the donee was limited to appointment among one or more of her own issue, since she had issue, and could not cross the line and make an appointment, even though contingent and in remainder, of the issue of any of the other six brothers and sisters. A similar argument was made with respect to similar language in Drake v. Drake, supra; but the court there held that the word "or" was used, not in a disjunctive or substitutional sense, but in a discretionary sense. So, in this case, I think the testator's intention was to confer upon his daughter authority to make appointment to and among her own issue, or, passing over her own issue, to and among her brothers and sisters, or, passing over both her own issue and her brothers and sisters, to and among the issue of any one or more of her brothers and sisters, or to make the appointment at her absolute discretion among all or any of the three classes.

Let judgment be entered according to the foregoing views, with costs to all parties payable out of the fund. As appropriate blanks have been left in the requests for findings of all the parties except the guardian ad litem for certain infant defendants for extra allowances to adult parties or compensation to guardians, I will defer passing upon the proposed findings until affidavits of services rendered, the allowances desired and the amounts involved are submitted. Such affidavits, with proof of service, should be left with the clerk within two days after the publication hereof. The guardian above referred to may, within two days after the publication of this memorandum, serve a supplemental request for a finding that he be granted an allowance or compensation in addition to costs.